# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

BOLIVAR EMILIO-MEDINA,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

CASE NO. 2:17-CV-1066 / 2:16-CR-17
Judge Michael H. Watson
Magistrate Judge Jolson

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings the instant motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. This matter is before the Court on the instant motion, respondent's response, and the exhibits of the parties. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that the § 2255 motion be **GRANTED** on petitioner's claim that he was denied the effective assistance of counsel due to his attorney's failure to file an appeal, and that the final judgment previously entered in this case be **VACATED** and that a new judgment be entered, so that counsel may be appointed to file a timely appeal on petitioner's behalf.

Petitioner's underlying criminal conviction is the result of his August 29, 2016, guilty plea made pursuant to a plea agreement signed on August 12, 2016. While represented by counsel, petitioner pled guilty to one count of conspiracy to possess with intent to distribute five or more kilograms of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(ii), and 846. (Doc. 155). On April 28, 2017, the Court sentenced petitioner to 120 months imprisonment plus five years supervised release. (Doc. 354).

On December 8, 2017, petitioner filed the instant *pro se* motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, claiming ineffective assistance of counsel. (Doc. 407). The motion provides, *inter alia*:

> Bolivar Emilio-Medina, the petitioner, timely requested that counsel file a Notice of Appeal, but counsel failed to do so. Petitioner was advised by counsel that no appeal was possible of the same. On the contrary, the proper approach should have been that counsel honored the petitioner's request by filing the Notice of Appeal and then withdraw from the case. Additionally, the petitioner had not executed a Waiver of Appeal.

(Doc. 407-1).

The failure by a defense attorney to file a timely appeal after being requested to do so by his client constitutes the ineffective assistance of counsel.

> The Constitution is violated if a convicted defendant is not given the right to appeal "by reason of his lack of knowledge of his right and the failure of his counsel or the court to advise him of his right to appeal with the aid of counsel." *Jacobs v. Mohr*, 265 F.3d 407, 419 (6th Cir. 2001) (citing *Goodwin v. Cardwell*, 432 F.2d 521, 522–23 (6th Cir. 1970)). The defendant has ultimate authority in making certain fundamental determinations pertaining to his case, including the right to appeal. *Jones v. Barnes*, 463 U.S. 745, 751, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983). The authority to pursue an appeal, even one following a guilty plea, is the defendant's alone. *Marrow v. United States*, 772 F.2d 525, 530 (9th Cir. 1985).

*Wolfe v. Randle*, 267 F. Supp. 2d 743, 747 (S.D. Ohio 2003).

> [A] lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable. *See Rodriquez v. United States*, 395 U.S. 327, 89 S.Ct. 1715, 23 L.Ed.2d 340 (1969); *cf. Peguero v. United States*, 526 U.S. 23, 28, 119 S.Ct. 961, 143 L.Ed.2d 18 (1999) ("[W]hen counsel fails to file a requested appeal, a defendant is entitled to [a new] appeal without showing that his appeal would likely have had merit"). This is so because a defendant who instructs counsel to initiate an appeal reasonably relies upon counsel to file the necessary notice. Counsel's failure to do so cannot be considered a strategic decision; filing a notice of appeal is a purely ministerial task, and the failure to file reflects inattention to the defendant's wishes.

*Roe v. Flores-Ortega*, 528 U.S. 470, 478 (2000).

Respondent's response to the motion states, in relevant part:

> After an extensive investigation by the undersigned and counsel for Petitioner, both parties are satisfied that the evidence supports that, due to inadvertence and a series of personnel changes in the law office for Petitioner's trial counsel, Petitioner's timely request for a notice of appeal of his sentence was not filed with the district court after his sentencing hearing.
>
> For those reasons, the United States concedes that the Petitioner's motion to vacate, set aside or correct his sentence is meritorious. Respondent further represents that in light of the United States' concession, an evidentiary hearing on this matter is unnecessary, and recommends that this court order that the Petitioner be permitted to file a notice of appeal of his sentence to the Sixth Circuit Court of Appeals. The undersigned represents that he has spoken to counsel for Petitioner and counsel concurs in the United States' recommendations.

(Doc. 435 at 1–2).

The Court observes that any attempt by petitioner to now file a notice of appeal would be untimely. *See* Federal Rule of Appellate Procedure 4(b)(1)(A) (notice of appeal must be filed within fourteen days of entry of final judgment); *United States v. Dotz*, 455 F.3d 644, 647 (6th Cir. 2006) ("The time limit specified in Rule 4(b) is mandatory and jurisdictional."), citing *United States v. Hatfield*, 815 F.2d 1068, 1073–74 (6th Cir. 1987). Further, any request for an extension of time to file the appeal would also be untimely. *See* Federal Rule of Appellate Procedure 4(b)(4). Under these circumstances, petitioner's judgment of conviction may be vacated and reinstated so that he may timely appeal. *See Rosinski v. United States*, 459 F.2d 59, 60 (6th Cir. 1972).

Based upon the foregoing, the Magistrate Judge **RECOMMENDS** that the motion to vacate, set aside, or correct sentence be **GRANTED** on petitioner's claim that he was denied the effective assistance of counsel due to his attorney's failure to file a notice of appeal. It is further **RECOMMENDED** that the final judgment in this case (Doc. 354) be **VACATED** and that a new judgment be entered so that counsel may be appointed to file a timely appeal on petitioner's behalf.

### Procedure on Objections

If any party objects to this Report and Recommendation, that party may, within fourteen

(14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1). Failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 152–53 (1985).

    IT IS SO ORDERED.

Date: July 20, 2018                                            /s/ Kimberly A. Jolson
                                                                         KIMBERLY A. JOLSON
                                                                         UNITED STATES MAGISTRATE JUDGE