# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

BOLIVAR EMILIO-MEDINA,

    Movant,

    v.                                        Crim. No. 2:16-cr-17
                                             Case No. 2:19-cv-1455
                                             Judge Michael H. Watson

UNITED STATES OF                  Magistrate Judge Kimberly A.
Jolson
AMERICA,

    Respondent.

## REPORT AND RECOMMENDATION

        Movant, a federal prisoner, has filed a *pro se* motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. (Doc. 451.) This case has been referred to the Magistrate Judge pursuant to 28 U.S.C § 636(b) and Columbus' General Order 14-1 regarding assignments and references to United States Magistrate Judges.

        Pursuant to Rule 4(b) of the Rules Governing Section 2255 Cases in the United States District Court ("Rule 4(b)"), this Court must conduct a preliminary review and determine whether "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." If it does so appear, the motion must be dismissed. *Id*. Rule 4(b) allows for the dismissal of motions that state "only bald legal conclusions with no supporting factual allegations." *Pettigrew v. United States*, 480 F.2d 681, 684 (6th Cir. 1973) (quoting *Sanders v. United States*, 373 U.S. 1, 19 (1963)). For the following reasons, it plainly appears that Movant is not entitled to relief because his direct appeal remains pending.

Accordingly, the Magistrate Judge **RECOMMENDS** that the motion to vacate be **DENIED without prejudice**.

I.     BACKGROUND AND PROCEDURE

On April 28, 2017, Movant, a federal prisoner was sentenced to a term of imprisonment of 120 months to be followed by five years of supervised release after he pleaded guilty, pursuant to a negotiated plea agreement (Doc. 155), to one count of Conspiracy to Possess with Intent to Distribute Five or More Kilograms of Cocaine in violation of 21 U.S.C. § 841(a)(1), 841(b)(1)(A)(ii), and 846. (Doc. 354.) On December 8, 2017, Movant filed a motion to vacate under 28 U.S.C. § 2255 ("first motion to vacate"). (Doc. 407.) In that first motion to vacate, Movant alleged one claim— that he received ineffective assistance of counsel when his attorney failed to file an appeal after being instructed to do so. (*Id.*) Respondent conceded that Movant's claim appeared to be meritorious. (Doc. 435.) As a result, the Magistrate Judge issued a Report and Recommendation ("R&R") recommending that the first motion to vacate be granted, final judgment be vacated, and a new judgment entered so that appointed counsel could file a timely appeal on Movant's behalf. (Doc. 436.) The R&R was adopted and affirmed, and the Court entered a new judgment on August 20, 2018. (Doc. 437, 438.)

On August 23, 2018, Movant's appointed counsel filed a notice of direct appeal. (Doc. 440.) Movant's direct appeal was docketed in the United States Court of Appeals for the Sixth Circuit as *United States v. Bolivar Emilio–Medino*, Case No. 18–3805. In that appeal, Movant alleges that he received ineffective assistance of counsel when counsel failed to challenge two sentencing enhancements and that Movant's sentence is unreasonable because counsel's failures precluded him from receiving the benefit of a safety valve provision when he was sentenced.

(*Bolivar Emilio–Medino*, Case No. 18–3805, Doc. 29–1.) The Sixth Circuit's docket indicates that Movant's direct appeal remains pending.

On April 15, 2019, Movant filed a second motion to vacate under § 2255 ("second motion to vacate"). (Doc. 451.) In the second motion to vacate, Movant raises the same ineffective assistance allegations that he has raised in his direct appeal. (*Id.*) He additionally alleges that he received ineffective assistance of counsel because counsel failed to object to the Pre-Sentence Investigation Report and because counsel suffered from mental health issues. (*Id.*)

## II.    LAW AND ANALYSIS

As a preliminary matter, the Magistrate Judge concludes that Petitioner does not need permission from the Sixth Circuit to proceed with his second motion to vacate. Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214) (the "AEDPA"), a federal prisoner ordinarily cannot proceed in a district court with a second or successive motion to vacate under § 2255 unless a circuit court of appeals authorizes him to do so. 28 U.S.C. §§ 2244(b)(3)(A), 2255(h). Nevertheless, not every second–in–time or later motion to vacate is successive such that it requires authorization from a circuit court. *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997) (*per curiam*). Indeed, in *Storey v. Vasbinder*, the Sixth Circuit held that a habeas corpus petition filed after a remedial appeal,[1] ordered in response to an earlier petition, does not constitute a successive petition even if it includes claims that could have been, but were not included, in a first petition. 657 F.3d 372, 377–78 (6th Cir. 2011).

Such is the case here. The first motion to vacate alleged that Movant received ineffective assistance of counsel because his attorney failed to file an appeal after being instructed to do so.

---

[1] Although *Storey* involved a second petition filed by a state prisoner, the *Storey* Court expressly indicated that it relied upon reasoning in cases that involved applications for relief under both §§ 2254 and 2255.

(Doc. 407.) That motion was granted and a new judgment entered so that appointed counsel could file a timely direct appeal on Movant's behalf. (Doc. 436, 437, 438.) Movant has been restored to the same status he would have enjoyed had he not received ineffective assistance of counsel. *See Storey*, 657 F.3d at 377–78. Thus, even though the claims that Movant asserts in the second motion to vacate appear to have been known or knowable when he filed the first motion to vacate, the second motion to vacate is not successive within the meaning of the AEDPA. *See Storey*, 657 F.3d at 377–78; *see also Urinyi v. United States*, 607 F.3d 318, 321 (2nd Cir. 2010) (explaining that when a movant is forced to use a § 2255 motion to obtain a direct appeal, barring a subsequent § 2255 motion would strip him of the opportunity to lodge a true collateral attack on his sentence, which is the explicit purpose of §2255); *Johnson v. United States*, 362 F.3d 636, 638 (9th Cir. 2004) (holding that "a successful § 2255 petition used as a device to obtain an out–of–time appeal, does not render a subsequent collateral challenge 'second' or 'successive' under [the] AEDPA"); In re Olabode, 32 F.3d 166, 173 (3rd Cir. 2003) (holding that movant's § 2255 motion was not second or successive under the AEDPA because his first motion merely sought reinstatement of the right to direct appeal); *McIver v. United States*, 307 F.3d 1327 1331 (11th Cir. 2002) (holding that "[a] successful motion to file an out-of-time notice of appeal . . . does not render subsequent collateral proceedings 'second or successive'").

Movant's direct appeal, however, remains pending. In absence of extraordinary circumstances, a district court is precluded from considering a motion to vacate under § 2255 during the pendency of the movant's direct appeal. *Capaldi v. Pontesso*, 135 F.3d 1122, 1124 (6th Cir. 1998) (collecting cases); *see also* Rule 5, Rules Governing Section 2255 Proceedings in the United States District Courts, Advisory Committee Note (1976 Adoption) (explaining that courts hold that a § 2255 motion "is inappropriate if the movant is simultaneously appealing the

decision."). This practice ensures the orderly administration of justice and preserves judicial economy. *See* Federal Rules Governing § 2255 Proceedings Rule 5 advisory committee's note. *See also Joy v. United States*, Case No. 16–6494, 2017 WL 451, at * 2 (6th Cir. March 20, 2017) (explaining why district courts do not entertain § 2255 motions while direct appeals are pending). The Magistrate Judge concludes that there are no extraordinary circumstances that require this Court to determine the issues presented in the second motion to vacate while Movant's direct appeal remains pending and that judicial efficiency and economy will be better served if this Court refrains from entertaining that motion now.

## III.    RECOMMENDED DISPOSITION

For these reasons, the Magistrate Judge **RECOMMENDS** that the motion to vacate be **DENIED without prejudice.**

### PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report and Recommendation, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A District Judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. 636(B)(1).

The parties are specifically advised that failure to object to this Report and Recommendation will result in a waiver of the right to have the District Judge review the Report

and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**IT IS SO ORDERED**.


Date: May 6, 2019 /s/ Kimberly A. Jolson
KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE